An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

AMADEO J. SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA IN
RELATION TO THE NEVADA
DEPARTMENT OF CORRECTIONS;
AND CHARLES MAHAKIAN,
Respondents.

No. 59669

FILED

APR 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a proper person appeal from a district court order dismissing a civil rights action. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

The district court dismissed appellant's underlying complaint on the ground that he failed to state a viable 42 U.S.C. § 1983 cause of action. Appellant timely appealed from this dismissal order, but roughly two weeks later, he filed a second, functionally identical complaint in the district court against respondents herein. While this appeal was pending, the district court granted summary judgment in favor of respondents with respect to appellant's second complaint.

Respondents contend that the summary judgment in the second case renders this appeal moot. Cf. NCAA v. University of Nevada, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981) ("A moot case is one which seeks to determine an abstract question which does not rest upon existing . . . rights."). We agree. Namely, the issue of whether appellant's complaint in this case states a viable cause of action is immaterial because this same cause of action has already been adjudicated on its merits in appellant's second case. See John v. Douglas County School District, 125

SUPREME COURT
OF
NEVADA

(O) 1947A

13-11089

Nev. 746, 753, 219 P.3d 1276, 1281 (2009) (recognizing that summary judgment is an adjudication on the merits). Thus, even if we were to conclude that appellant's complaint in this case stated a viable cause of action, he would be precluded from pursuing it in district court on remand.[1] See Five Star Capital Corp. v. Ruby, 124 Nev. 1048, 1055, 194 P.3d 709, 713-14 (2008) (recognizing that the doctrine of issue preclusion prevents parties from relitigating a specific issue that has already been decided on its merits). Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Steve L. Dobrescu, District Judge
Amadeo J. Sanchez
Attorney General/Carson City
Attorney General/Dep't of Public Safety/Carson City
White Pine County Clerk

---

[1]Appellant has since appealed from the summary judgment of his second complaint, see Sanchez v. State, Dept. of Corrections, Docket No. 62484. In the context of resolving this appeal, we do not address the appeal in Docket No. 62484